**ALEX COOLMAN**
SBN 250911
THE LAW OFFICE OF ALEX COOLMAN
3268 Governor Drive #390
San Diego, CA 92122
Tel: (619) 843-7129
alex@coolmanlaw.com

Attorney for Plaintiff
SALVADOR LUA

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LUA, | Case No. '23CV0032 JAH BLM |
| Plaintiff, | COMPLAINT FOR: |
| | 1. Violation of Bane Act (Cal. Civ. Code § 52.1); |
| v. | 2. Negligence; |
| | 3. 42 U.S.C. § 1983 – *Monell* |
| OFFICER IAN MCNETT, CITY OF SAN DIEGO | DEMAND FOR JURY TRIAL |
| Defendants. | |

## INTRODUCTION

1.   While attempting to detain Salvador Lua on suspicion of having unlocked an electric scooter one afternoon on the boardwalk in Mission Beach, San Diego City Police Officer Ian McNett abruptly executed a "leg sweep" against Lua, driving him face-first into the concrete, shattering his eye-socket, cheekbone, and mandible.

1

2. McNett then sat on top of the prone, unresistant, seriously injured Lua and intentionally bent his handcuffed wrists backwards, causing Lua to cry out in pain.

3. It was not the first time McNett had used unreasonable force on the job. In the months leading up to the encounter with Lua, McNett had repeatedly used excessive force against other individuals, including spraying a handcuffed, unresistant woman directly in the face with pepper spray. The San Diego Police Department was aware of this pattern of behavior but did not address it.

4. Lua now brings this action against McNett for his unreasonable use of force, and against the City of San Diego for failing to train an officer who was known to be engaging in a pattern of excessive force.

## JURISDICTION, VENUE AND ADMINISTRATIVE EXHAUSTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, and 1367, as Plaintiff asserts a cause of action under 42 U.S.C. § 1983, in addition to causes of action under California law that arise from the same controversy giving rise to Plaintiff's 1983 claim.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this District, as the events giving rise to this action occurred in the County of San Diego, California, which is located within the Southern District of California.

7. Plaintiff filed a timely administrative complaint with the City of San Diego related to this incident on February 19, 2020. The City of San Diego denied that complaint on July 11, 2022.

//

## THE PARTIES

8. Plaintiff Salvador Lua ("Lua" or "Plaintiff") is a 37-year-old resident of Chula Vista.

9. Officer Ian McNett ("McNett") is an employee of the San Diego Police Department. He is sued here in his personal capacity.

10. The City of San Diego ("City") is a municipal entity duly organized under California law. The San Diego Police Department ("Police Department") is the chief law enforcement agency for the City.

## FACTUAL OVERVIEW

11. On the afternoon August 31, 2019, Officer McNett was one of several uniformed San Diego police officers patrolling the Mission Beach boardwalk on all-terrain "quad" vehicles in the area of 3100 Ocean Front Walk.

12. At about 2:30 p.m., McNett spoke with two minors about the fact that they were riding electric scooters on the boardwalk.

13. Shortly after this interaction with the minors, McNett spoke with Lua about whether Lua unlocked the scooters for the minors.

14. This discussion led McNett to attempt to place Lua under arrest on suspicion of having unlocked the scooters. McNett placed his hands on Lua's left arm to attempt to handcuff him.

15. Lua pulled his arm away from McNett's grasp but remained standing still, neither fleeing nor acting out.  His demeanor was calm.   Lua attempted to explain to McNett that he did not have a phone and thus could not have unlocked the scooters.

16. McNett radioed for backup support from the other officers who he knew were in the immediate area.  McNett again placed his hands on Lua's left arm and again attempted to handcuff him.

17. Lua held his left arm stiffly to prevent himself from being handcuffed but remained standing still, neither fleeing nor acting out.  His demeanor was calm.

18. Lua began speaking to a bystander on the boardwalk who was watching the interaction, reiterating that he did not have a phone and explaining that he could not have unlocked the scooters.

19. As Lua stood calmly speaking to the bystander, and despite the fact that backup officers were already responding to this detention related to unlocking scooters, McNett abruptly executed a "leg sweep," causing Lua to be driven forward, face-first, onto the cement of the boardwalk.  McNett fell on top of Lua with all his weight.

20. The crushing impact with the cement broke Lua's cheekbone, eye socket, and mandible, as depicted in the pre-operative photographs and post-operative CT Scan shown on the following page:





Preoperative Right ZMC and orbital fractures 9/3/19



Postoperative CT Scan 9/4/19
Plate fixation of ZMC fracture segment Orbital floor and medial wall repair with porous polyethylene/titanium mesh plate

21. McNett then tased Lua and performed an additional 20-second "drive-stun" Taser application, knocking Lua unconscious.

22. Within 90 seconds of McNett executing the "leg sweep," backup officers arrived to the spot on the boardwalk where McNett now sat on top of Lua. Lua was

prone, face-down, handcuffed, and unresistant, multiple bones in his face having been shattered.

23. McNett sat with his knee on Lua's neck.

24. Though Lua was unresistant, seriously injured, and lying face-down on the cement in handcuffs, and though Lua was now surrounded by police, McNett continuously bent back Lua's handcuffed wrists while sitting on him to cause him further pain. At some point, Lua told McNett "Hey, my wrist hurts, sir. My wrist hurts."

25. In response, McNett shifted his thigh onto Lua's wrist and applied greater pressure, causing Lua to cry out in pain.

26. Lua was taken to UCSD Medical Center in Hillcrest, where he was surgically treated for a zygomaticomaxillary complex fracture. Over the next 11 months, treatment of his injuries required at least 10 follow-up visits to the doctor.

27. Lua ultimately entered a plea to one count of misdemeanor resisting an officer, in violation of Penal Code section 69, in connection with the events of this case. The factual basis of his plea was that he "willfully prevented an officer from performing his or her duty."

28. Lua does not dispute that, in initially stiffening his arms to prevent handcuffing, he did in fact engage in misdemeanor resisting of McNett.

29. In October of 2022, a San Diego Police Department Internal Affairs review concluded both that McNett had not properly used his body camera in connection with this incident and that he did not properly document his use of force in the incident.

//

## FIRST CAUSE OF ACTION:

### Bane Act (California Civil Code § 52.1)
### Against Officer McNett

30. Plaintiff reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

31. McNett, by his violent conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution – specifically, the right to be free from excessive force.

32. McNett intended to deprive Plaintiff of his enjoyment of the interests protected by the Fourth and Fourteenth Amendments to the Constitution.

33. As a result, Plaintiff suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION:

### Negligence
### (Against Officer McNett)

34. Lua reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

35. McNett had a duty to use reasonable care in the application of force against Lua.

36. McNett breached that duty by indiscriminately and dramatically escalating the use of force in a situation where it was not warranted.

7

37. Lua was seriously harmed, and McNett's breach of this duty caused and was a substantial factor in causing harm to Lua.

38. As a result, Lua suffered damages in an amount to be proved at trial.

## THIRD CAUSE OF ACTION:

## 42 U.S.C. § 1983 – *Monell*

## (Against City of San Diego)

39. Lua reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

40. The City is liable for the deprivation of Lua's constitutional rights under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) and its progeny, which held that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from, as relevant here, failure to adequately train and supervise municipal employees resulting in deliberate indifference to the constitutional rights of citizens.

41. The City is liable under Monell in that, prior to August 31, 2019, the San Diego Police Department had been made aware that McNett was a problem officer who routinely used unnecessary and unreasonable force but, on information and belief, the Department failed to adequately train him on the use of force and failed to adequately supervise him.

42. McNett was the subject of a May 2019 complaint related to an incident that took place that same month on the boardwalk in Pacific Beach, an incident in which he

performed an improper arrest of a woman simply for holding an unlit cigarette, which was not a violation of any law.

43. McNett grabbed the woman by the arm, handcuffed her, and overtightened her handcuffs. The woman reported to the Police Department that McNett had used excessive force against her. A witness reported that McNett "manhandled [the woman] and put her hands behind her back" while writing her a ticket. The bodycamera of McNett's colleague depicts McNett taking these actions, as shown below:



44. The Internal Affairs Department of the San Diego Police Department Concluded that McNett did not have probable cause to make an arrest. The Internal Affairs Department, however, also concluded that McNett had *not* overtightened the handcuffs and that it was "not clear whether Officer McNett actually used physical force while detaining" this woman, even as it determined that there was no legal basis for the detention and thus, by implication, no legal justification for any use of force at all.

45.     McNett was not disciplined by the San Diego Police Department at all until June of 2020 in connection with this unlawful May 2019 arrest. That delay in imposing discipline occurred in spite of the fact that Internal Affairs had determined *ten months earlier*, on August 7, 2019, that the arrest was illegal.  No discipline was imposed specifically for McNett's use of force against the woman.

46.     McNett refused to sign the forms documenting his reprimand.

47.     McNett was also the subject of a complaint related to a June 2019 incident in which he arrested a woman near the boardwalk in Pacific Beach for smoking.

48.     In connection with this incident, McNett pulled the woman out of a patrol car and sprayed her directly in the face with pepper spray for four seconds despite the fact that she was lying on the ground, handcuffed and motionless, for five seconds prior to the deployment of the pepper spray.  In a report, McNett claimed, falsely, that he had done this in response to the woman kicking him.

49.     McNett's bodycamera captured McNett dousing the handcuffed, prone woman directly in the face with pepper spray from just inches away, as she lay handcuffed on the ground next to the wheel of a patrol car, as shown on the following page:

50.     The Internal Affairs Department of the San Diego Police later determined that McNett had misrepresented the reason he used force against this woman and that his bodycamera contradicted his claim to have been kicked.

51.     McNett was not disciplined for this June 2019 incident until March 24, 2022, more than two and a half years later.

52.     McNett refused to sign the forms documenting his reprimand.

53. On information and belief, Lua alleges that the two cases just discussed were not the only instances in which McNett was alleged to have used excessive force prior to August 31, 2019. McNett, in fact, had a reputation as one of the San Diego Police Department's most consistently and unnecessarily brutal officers.

54. In the criminal case that was filed against Salvador Lua in connection with his interaction with McNett, SCD283173, Superior Court Judge Howard Shore performed in-camera review of personnel material related to McNett in response to a *Pitchess*[1] motion. Judge Shore determined on October 6, 2021 that material did indeed need to be disclosed.

55. Despite the mounting evidence that McNett engaged in a pattern of unreasonable and excessive use of force prior to August 31, 2019, and despite his reputation for this dangerous and illegal behavior, McNett was allowed by the San Diego Police Department to continue acting as a patrol officer, was not disciplined in a timely way, and was not retrained on the use of force.

56. In proceeding in this manner, the City of San Diego was deliberately indifferent to the constitutional rights of persons such as Lua to be free from excessive force, encouraging the outcome that occurred in this case.

57. Plaintiff therefore suffered damages in amount to be proven at trial.

## PRAYER FOR RELIEF

58. Pursuant to the foregoing causes of action, Plaintiff prays for:

---

[1] *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974).

a. As to each cause of action, judgment against Defendants and in favor of Plaintiff;

b. As to each cause of action, an award of compensatory damages (general and special);

c. As to the cause of action under the Bane Act, treble damages pursuant to Civil Code sections 52 and 52.1;

d. As to the cause of action under the Bane Act and the <u>Monell</u> claim, litigation costs and reasonable attorney's fees as permitted by Civil Code section 52.1 and 42 U.S.C. § 1988, and all other applicable statutory and case law; and

e. For such other further equitable and legal relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to each and every cause of action alleged herein.

DATED: January 6, 2023

*[signature]*

ALEX COOLMAN
Attorney for Plaintiff Salvador Lua