UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LUA,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER IAN MCNETT, CITY OF SAN DIEGO<br><br>    Defendants. | Case No.:  23cv32-JAH-BLM<br><br>**ORDER:**<br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR JUDUICAL NOTICE**<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**(ECF Nos. 5-1, 5-2)** |

Pending before the Court is Defendant Officer Ian McNett ("Defendant McNett"), and City of San Diego's ("City of San Diego" or "City") (jointly, "Defendants") Motion to Dismiss Plaintiff's Complaint, ("Motion", ECF No. 5-1), and Request for Judicial Notice in Support of the Motion to Dismiss ("Judicial Notice", ECF No. 5-2).  On March 9, 2023, Plaintiff Salvador Lua filed a response in opposition to the Motion, (ECF No. 6), and a response in opposition to the request for judicial notice (ECF No. 7).  Defendants filed a reply in support of their Motion (ECF No. 8), on April 12, 2023.

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Request for Judicial Notice and **DENIES** Defendants' Motion to Dismiss.

## BACKGROUND

On January 6, 2023, Plaintiff filed his Complaint against Defendants' asserting three causes of action: (1) violation of the Bane Act, Cal. Civ. Code § 52.1; (2) negligence; and (3) liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). He alleges Defendant McNett executed a "leg sweep" on him, driving him face first into the concrete, while attempting to detain him on suspicion of having unlocked an electric scooter on the boardwalk in Mission Beach on August 31, 2019. As a result, Plaintiff suffered a shattered eye-socket, cheekbone and mandible. (Complaint, ECF No. 1 ¶¶ 1,14, 19, 20). He also alleges Defendant McNett sat his knee on Plaintiff's neck while he was prone, unresistant, and Defendant McNett intentionally bent Plaintiff's handcuffed wrists backwards, causing Plaintiff to cry out in pain. (*Id*. ¶¶ 2, 22, 23, 24, 25).

Additionally, Plaintiff alleges he was taken to UCSD Medical Center in Hillcrest, where he was surgically treated for a zygomaticomaxillary complex fracture and, over the next 11 months, ongoing treatment of his injuries required at least 10-follow up visits to the doctor. (*Id*. ¶ 26). Subsequently, Plaintiff entered a plea to one count of misdemeanor resisting an officer in violation of California Penal Code § 69. (*Id*. ¶ 27).

Plaintiff further alleges, in the months leading up to the encounter Defendant McNett repeatedly used excessive force against other individuals, including spraying a handcuffed, unresistant woman directly in the face with pepper spray. (*Id*. ¶ 3). Although the San Diego Police Department was aware of this pattern of behavior, Plaintiff asserts, it did not address it. (*Id*.).

## LEGAL STANDARD

Defendants seek an order dismissing the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule

12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice. *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Judicial Notice

Defendants request that this Court take judicial notice of Arresting Officer Herzog's Police Report, (Def's Mot., Exh. 1, ECF 5-2 at 6), District Attorney's Criminal Complaint Against Plaintiff, (Def's Mot., Exh 2, *Id*. at 15), and Plaintiff's Guilty Plea Documentation, (Def's Mot., Exh. 3, *Id*. at 19), in support of their motion to dismiss under Federal Rules of Evidence 201 (b) and 803 (8). The Plaintiff does not dispute the authenticity of these documents.

Courts may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute." Fed.R.Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either generally known under Rule 201 (b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned under Rule 201 (b)(2)." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). While a district court may not take judicial notice of a fact that is subject to reasonable dispute, the court may take judicial notice of undisputed matters of public record. *See Lee*, 250 F.3d at 689-90.

Plaintiff does not oppose this Court taking judicial notice of the criminal complaint or the guilty plea documentation. The documents contain undisputed objective information of public record and are appropriate for judicial notice. Plaintiff, however, opposes the request to take judicial notice of the existence and content of the police report. He argues the allegations contained therein are hearsay and are routinely disputed. Defendant argues that Officer Herzog's police report is subject to judicial notice because the record is not subject to reasonable dispute given Plaintiff's guilty plea.

The existence and content of a police report are not proper subjects for judicial notice. *Ritchie*, 342 F.3d at 909; (citing *Pina v. Henderson*, 752 F.2d 47, 50 (2nd Cir. 1985)). Plaintiff's plea of guilty to the charge of misdemeanor resisting an officer stemming from the incident on August 31, 2019, does not mean the facts within the police report are not subject to reasonable dispute. Pursuant to the guilty plea, Plaintiff stipulated that he "willfully prevent[ed] [an] officer from performing [his] duty" only, not to the recollection of events presented in Officer Herzog's police report. (ECF No. 5-2 at 6). Furthermore, Officer Herzog's police report contains adjudicative facts that are derived from sources whose accuracy can be reasonably questioned. The police report provides paraphrased statements by witnesses that contradict Defendant McNett's recollection. (*Id*. at 14). Moreover, a reasonable dispute exists as to whether Defendant McNett used excessive force during his altercation with Plaintiff despite the information within the police report. Accordingly, the request is **GRANTED** as to the criminal complaint and guilty plea documentation and **DENIED** as to the police report.

## II. Motion to Dismiss

Defendant argues the complaint should be dismissed in its entirety because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1984), Plaintiff fails to state a claim under the Bane Act and Plaintiff fails to state a claim under *Monell*.

### A. Heck v. Humphrey

Defendant argues Plaintiff's Bane Act cause of action and negligence cause of action are barred by *Heck*. Under *Heck*, a civil rights claim is barred if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*. (emphasis in original). State law claims that challenge criminal convictions are similarly barred. *Yount v. City of Sacramento*, 43 Cal.4th 885, 902 (2008) (Extending the *Heck* bar to state law causes of action).

Defendant argues that Plaintiff's lawsuit violates *Heck* as an impermissible collateral attack on his criminal conviction. Citing *People v. Olguin*, 119 Cal. App. 3d 39, 44 (1981) and *People v. White*, 101 Cal. App. 3d 161, 167 (1980), Defendant argues that under California law an officer cannot be engaged in the lawful performance of the officer's duties if the officer is subjecting an arrestee to excessive force. Therefore, he argues, if Plaintiff's excessive force claim arises from the same conduct that formed the basis of his guilty plea, Plaintiff's civil rights claim and negligence claim would, if proven, necessarily imply the invalidity of that conviction. Citing *Smith v. City of Hemet,* 394 F.3d 689 (9th Cir. 2005), Defendant also argues that because there was no temporal distinction in his actions separate from the factual basis of Plaintiff's conviction, his Bane Act claim and negligence claim are barred by *Heck*.

Plaintiff argues that his allegations do not "necessarily" require showing that his misdemeanor conviction for resisting in violation of Penal Code § 69 was improper. Citing *Lemos v. Cnty of Somona*, 40 F.4th 1002, 1006 (9th Cir. 2022), Plaintiff contends determination of whether his allegations imply his conviction was unlawful requires looking at the factual basis for the conviction. Plaintiff maintains the factual basis of his misdemeanor plea, that he "willfully prevented an officer from performing his or her duty," does not establish he used violence against Defendant McNett. (ECF 6 at 6). Plaintiff contends, Defendants' argument is based on an unsupported notion that the Penal Code § 69 conviction proves Plaintiff used violence against the officer. He argues the unlawfulness of Defendant McNett's actions has no bearing on the legal validity of the § 69 conviction. In addition, Plaintiff argues the actions that are the basis of his claims are temporally distinct from his act of resisting being handcuffed.

Plaintiff pleaded guilty to a single count of violating California Penal Code § 69 (a), a misdemeanor. (ECF No. 5-2 at 20). Under Penal Code § 69 (a),

> Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine not exceeding ten

>thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment.

Plaintiff waived a preliminary hearing and stipulated he "did willfully prevent [the] officer from performing [his] duty." (ECF No. 5-2 at 22).

In support of his first and second causes of action, Plaintiff alleges Defendant McNett used excessive force in violation of his Fourth Amendment and Fourteenth Amendments rights. (ECF No. 1 ¶ 31). Specifically, he alleges Defendant McNett assaulted him by executing a "leg sweep", sitting on top of his neck with his knee and continuously bending Plaintiff's handcuffed wrists while sitting on him to cause him further pain. (*Id*. ¶¶ 1,14, 19, 20).

In *Hooper v. Cnty. of San Diego*, the Ninth Circuit recognized that the California Supreme Court held that a conviction under California Penal Code § 148 (a)(1) can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful because § 148 (a)(1) contains no requirement that there be a distinct temporal separation between the use of reasonable force and the use of excessive force. 629 F.3d 1127, 1132 (9th Cir. 2011) (citing *Yount,* 43 Cal.4th 885). Specifically, the court found that "[s]ection 148(a)(1) does not require that an officer's lawful and unlawful behavior be divisible into discrete 'phases' or time periods." *Id.* It recognized that "[i]t is sufficient for a valid conviction under section 148(a)(1) that at some time during a continuous transaction an individual resisted, delayed or obstructed an officer when the officer was acting lawfully" and "[i]t does not matter that the officer might also, at some other time during that same continuous transaction, have acted unlawfully." *Id.*

§ 69 (a) shares § 148 (a)(1)'s element of deterring or delaying an executive officer from performing their duties. Similar to the facts in *Yount*, Plaintiff's allegations show his acts of resistance were part of one continuous transaction involving Defendant McNett's efforts to effect his arrest and cannot be segregated into an investigation stage and independent arrest phase. Plaintiff alleges he resisted when Defendant McNett first

attempted to arrest him but alleges Defendant McNett responded with excessive force to effect his arrest. Plaintiff's act of resisting, which is a violation of § 69 (a), does not lose its character as a violation of § 69 (a), "if at some other time during the same 'continuous transaction," [Defendant McNett] use[d] excessive force." *Id*.

Here, the unlawfulness of Plaintiff's attempt to resist his arrest does not necessarily negate the subsequent use of allegedly excessive force by Defendant McNett. Though occurring in one continuous chain of events, two isolated factual contexts could exist, the first, Plaintiff resisting arrest giving rise to criminal liability and the second, during which Defendant McNett allegedly used excessive force giving rise to civil liability. Therefore, Plaintiff's claims, if proven, would not necessarily imply the invalidity of his conviction nor be an impermissible collateral attack on his criminal conviction. Accordingly, the Court **DENIES** Defendant's motion to dismiss as barred by *Heck* and *Yount*.

**B. Bane Act**

Defendants argue Plaintiff fails to state a claim under the Bane Act. The Bane Act provides a private cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with, or attempted to be interfered with through the use of "threat, intimidation, or coercion." Cal. Civ. Code § 52.1(a). Allegations of excessive force can be enough to satisfy the "threat, intimidation or coercion" element. *Reese v. Cnty of Sacramento*, 888 F.3d 1030, 1043-44 (citing *Cornell v. City and Cnty of San Francisco*, 17 Cal.App.5th 766 (2017)). However, an excessive force claim under "the Bane act requires a 'a specific intent' to violate the arrestee's [constitutional] right." *Id*. at 1043.

Defendant contends that Plaintiff's Bane Act claim is supported by only conclusory allegations. Specifically, Defendant contends Plaintiff fails to allege Defendant McNett used threats, intimidation, or coercion to violate his constitutional rights and fails to allege facts showing that Officer McNett intended to violate Plaintiff's rights other than just concluding that he did so. Therefore, Defendant argues, the Court should dismiss this cause

of action. In opposition, Plaintiff argues that the Bane Act cause of action incorporates by reference the detailed statement of facts of the Complaint, which "extensively illustrat[e] the violent and coercive tactics employed by Officer McNett." (ECF No. 5 at 8). He specifically points to the allegations that Defendant McNett abruptly used a high degree of force against Plaintiff, causing him serious injuries, at a time when he was either minimally resistant or entirely unresistant and lying flat on his face on the concrete.

"Plaintiff reasserts, realleges, and incorporates" the allegations contained in the preceding paragraphs of his complaint in support of his Bane Act claim. (ECF No. 1 ¶ 30). In those preceding paragraphs, Plaintiff specifically alleges that Defendant McNett used excessive force by executing a "leg sweep", driving him face first into the concrete, shattering his eye-socket, cheek and mandible, and while sitting on top of Plaintiff's neck with his knee, he continuously bent Plaintiff's handcuffed wrists, even after Plaintiff informed Defendant McNett that his wrist was hurting. (ECF No. 1 ¶¶ 1, 2, 14, 19, 20, 22, 23, 24). Assuming the truth of all factual allegations and construing all inferences from them in the light most favorable to Plaintiff, the allegations set forth in the complaint illustrate that Defendant McNett consciously disregarded a substantial and unjustifiable risk when he sat on the Plaintiff's neck with his knee and continuously bent Plaintiff's handcuffed wrist even after being informed that Plaintiff was in pain. *Id.* Reckless disregard for Plaintiff's "constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045 (citing *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)). Therefore, the Court finds that Plaintiff's allegations sufficiently allege specific intent to deprive him of his constitutional rights and properly allege a Bane Act claim. Accordingly, the Court **DENIES** Defendant's motion to dismiss the Bane Act claim.

### C. 42 U.S.C. § 1983 - Monell Liability

Defendant City argues Plaintiff fails to properly allege a *Monell* claim. Municipalities may be held directly liable under 42 U.S.C. § 1983 for constitutional violations, but not liable based on a *respondeat superior* theory. *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 691 (1978).  If an employee commits an alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity, a municipality may be liable under 42 U.S.C. § 1983.  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Absent a formal governmental policy or procedure, plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Id*. (citing *Gillette v. Delmore*, 970 F.2d 1342, 1346-47 (9th Cir. 1992)).  "[A] custom or practice can be inferred from . . . evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015); (citing *Hunter v. Cnty of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011)) (internal quotation marks omitted).

Plaintiff alleges several theories of Monell liability: (1) Defendant McNett was not disciplined in a timely way; and (2) the Department failed to adequately train and supervise him and allowed him to continue performing his duties as a patrol officer.  (ECF No. 1 at 12).

**1. Failure to Discipline in a Timely Manner**

Defendant City argues that Internal Affairs timing and discipline determinations are matters that are largely protected by various investigative and discretionary immunities.  Furthermore, Defendant argues that Plaintiff has pled no allegations that Internal Affair's determinations amounted to any deliberate indifference or a widespread and systematic deprivation of constitutional rights throughout the City's Internal Affairs.  In opposition, Plaintiff alleges that despite the mounting evidence by Internal Affairs that Defendant McNett engaged in a pattern of unreasonable and excessive use of force prior to the August 31, 2019, incident with Plaintiff, Defendant McNett was allowed, by the San Diego Police Department, to continue acting as a patrol officer and was not disciplined in a timely way.

In the complaint, Plaintiff alleges two other use of force incidents involving Defendant McNett within the city of San Diego.  Plaintiff alleges the first incident occurred

in May 2019 on the boardwalk in Pacific Beach. (ECF No. 1. ¶ 42). A woman reported to the San Diego Police Department that Defendant McNett used excessive force against her when he performed an improper arrest for simply holding an unlit cigarette and then handcuffed her and overtightened her handcuffs. (*Id*. ¶ 43). A witness reported that "McNett manhandled [the woman] and put her hands behind her back" while writing her a ticket. (*Id*.). An Internal Affairs report from the San Diego Police Department concluded that Defendant McNett did not have probable cause to make an arrest but determined he did not overtighten the handcuffs. (*Id*. ¶ 44). However, the internal affairs report stated it was not "clear whether Officer McNett actually used physical force while detaining" the woman. (*Id*.). Defendant McNett was not disciplined by the San Diego Police Department until June of 2020 for the incident even though Internal Affairs determined ten months earlier, on August 7, 2019, that the arrest was illegal. (*Id*. ¶ 45). Defendant McNett would later refuse to sign the forms documenting his reprimand. (*Id*. ¶ 46).

The second incident occurred in June 2019 when Defendant McNett arrested a woman near the boardwalk in Pacific beach for smoking. (*Id*. ¶ 47). According to a May 2019 complaint, Defendant McNett pulled the woman out of a patrol car and sprayed her directly in the face with pepper spray for four seconds while she was lying on the ground, handcuffed and motionless, for five seconds prior to the deployment of the pepper spray. (*Id*. ¶ 48). Defendant McNett later claimed in a police report that his actions were in response to the woman kicking him. (*Id*.) Defendant McNett's body camera captured him dousing the handcuffed, prone woman directly in the face with pepper spray. (*Id*. ¶ 49). An Internal Affairs report from the San Diego Police Department concluded that Defendant McNett had misrepresented the reason he used force against the woman and that his body camera contradicted his claim he had been kicked. (*Id*.¶ 50). Defendant McNett was disciplined for this incident more than two and a half years later on March 24, 2022. (*Id*. ¶ 51). Defendant McNett refused to sign the forms documenting his reprimand. (*Id*. ¶ 52).

The Court finds these incidents involving Defendant McNett are similar to the incident in the pending case. First, they occurred within a four-month timeframe. Second,

they occurred within the boardwalk areas of Mission Beach and Pacific Beach, both areas of the city of San Diego where Defendant McNett was patrolling with heavy foot traffic. Third, they involved offenses that are usually resolved with issuing a citation. Fourth, and most importantly, they involved allegations that Defendant McNett used excessive force and misrepresented the reason for and amount of force he used. These incidents which resulted in Internal Affairs investigations support Plaintiff's allegations that the San Diego Police Department was put on notice Defendant McNett engaged in a pattern of using unconstitutional excessive force and took no action. The Court finds these incidents are sufficient to allege a pattern, custom or policy of deliberate indifference on part of the City of not disciplining Officer McNett in a timely way for incidents of excessive force.

**2. Failure to Train and Supervise**

Defendant City of San Diego argues that Plaintiff fails to plead facts showing a "particular deficiency in the City's police program or supervisory program." (ECF No. 5-1 at 13). Defendant further argues Plaintiff fails to allege any facts indicating a policy, or pattern of excessive force or deliberate indifference on the part of the City beyond Defendant McNett's prior actions. In support of his claim, Plaintiff relies on the incidents involving Defendant McNett that the Court outlined above in alleging Defendant McNett was not retrained on the use of force prior to the August 31, 2019, incident.

Under *Monell*, a municipality can be liable under 42 U.S.C § 1983 for polices of action as well of policies of inaction. *Jackson v. Barnes,* 749 F.3d 755, 763 (9th Cir. 2014); *see Gibson v. Cnty. Of Washoe*, 290 F.3d 1175, 1185-86 (9th Cir. 2002). "A failure to implement procedural safeguards to prevent constitutional violations" by a municipality constitutes a policy of inaction. *Jackson*, 290 F.3d at 763; (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)). For inaction cases, a plaintiff must first show "that [the] policy amounts to deliberate indifference to the plaintiff's constitutional right." *Id*. (citations and internal quotation marks omitted). "[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S.

397, 410 (1997). The plaintiff must then show "that the policy caused the violation in the sense the municipality could have prevented the violation with an appropriate policy." *Jackson*, 290 F.3d at 763; (citing *Tsao* 698 F.3d at 1143 (citations and internal quotation marks omitted)). Additionally, the plaintiff must show that the defendant municipality "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id*. (citations omitted).

Plaintiff provides 'a short and plain statement of the claim' that includes other similar incidents that sufficiently allege a pattern of deliberate indifference on the behalf of the City. The Department's failure to train or supervise Defendant McNett, even after they had determined on August 7, 2019, nearly three weeks before Plaintiff's August 31, 2019 incident, that Defendant McNett conducted an illegal arrest and were aware of the allegations of excessive force in two incidents months prior, indicates a pattern of deliberate indifference on behalf of the City. The allegations demonstrate the San Diego Police Department failed to properly supervise Defendant McNett and failed to address Defendant McNett's use of excessive force with training, despite ample time to remedy the issue before the August 31, 2019, incident. Additionally, the two other use of force incidents involving Defendant McNett within the city of San Diego provide sufficient similarities to the incident in this action to show the incidents are not isolated or sporadic. Assuming the truth of all factual allegations and construing all inferences from them in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations that the City made a deliberate choice to avoid adequate supervision and training are sufficient to survive a motion to dismiss.

Accordingly, the Court **DENIES** Defendants' motion to dismiss for failure to state a claim.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Defendants' Request for Judicial Notice is **GRANTED IN PART AND DENIED IN PART**. The Request is **GRANTED** as to Arresting Officer Herzog's

Police Report and the District Attorney's Criminal Complaint Against Plaintiff and **DENIED** at to Plaintiff's Guilty Plea Documentation.

(2) Defendants' Motion to Dismiss the Complaint is **DENIED.**

DATED: October 12, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE